# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **NELSON R. SANTANA** | **CIVIL ACTION NO. 08-1196** |
| **VS.** | **JUDGE DOHERTY** |
| **DEPARTMENT OF JUSTICE** | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION ON MOTION TO DISMISS UNDER F.R.C.P. 12(b)(3) OR, ALTERNATIVELY, FOR TRANSFER TO A DISTRICT OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1406(a)*
*(Rec. Doc. 11)*

This matter is before the undersigned on referral from the District Judge on the defendant's motion to dismiss or transfer this action for relief under the Freedom of Information Act, 5 U.S.C. § 552(a), *et seq.* (FOIA). The motion is opposed.

## *Background and Argument*

The plaintiff, a prisoner housed at Pine Prairie Correctional Center in Pine Prairie, Louisiana, filed suit in federal court seeking judicial review of the denial of his request for access to certain records under the FOIA.[1]

The defendant filed the motion to dismiss or transfer, arguing venue for FOIA actions is either where the complainant resides or has his principle place of business, where the records are located, or in the District of Columbia. Defendant argues the records are not in this district, and defendant does not reside in this district for purposes of venue, as "one does not change his

---

[1] The documents requested were exhibits used by the prosecution at his criminal trial, Exhibit 44, surveillance tape and DVD; Exhibit 10, telephone records; Exhibit 3, telephone chart. (See Rec. Doc. 1, pp. 8-9). The plaintiff appealed the initial denial of his FOIA request by the Executive Office of the United States Attorneys, and the denial was affirmed by the U.S. Department of Justice, Office of Information and Privacy, on October 31, 2007. (See Rec. Doc. 1, p. 6).

residence to the prison by virtue of being incarcerated there."[2] Defendant argues that "[a]ccording to the Appeals Court opinion arising from his federal conviction, Mr. Santana appears to be a resident of southern New Hampshire" and is only located in the Western District of Louisiana "because the Bureaus of Prisons, exercising its own statutory and regulatory authority to manage federal prisoners, incarcerated him in Louisiana or because the U.S. Immigration and Customs Enforcement agency has placed him here in anticipation of deportation."[3] The defendant further submits that none of the requested records are here in Louisiana, and requests that the matter either be dismissed or "transferred under 28 U.S.C. §1406(a) to a court of proper venue, one of which would be the District of Columbia."[4]

In opposition, plaintiff argues that he receives his mail and is assigned permanently to Pine Prairie. Plaintiff submits that Bureau of Prisons regulations do not allowed persons with U.S. Immigration and Customs Enforcement (ICE) detainers to be transferred, and therefore he is and will be a resident of Pine Prairie, Louisiana, and this district, until the expiration of his projected release date which he states is sometime in 2011 or 2012. Thus, plaintiff argues, venue is proper for his FOIA claim.

### *Governing Law and Discussion*

Venue for FOIA actions is governed by 5 U.S.C. § 552(a)(4)(B), which reads in pertinent part as follows:

---

[2] *Memorandum in Support* (rec. doc. 11-2), p. 2, citing *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972), quoting *Cohen v. U.S.*, 297 F.2d 760, 774 (9th Cir. 1962).

[3] *Ibid.,* referencing *U.S. v. Santana*, 342 F.3d 60, 63 (1st. Cir. (N.H.) 2003).

[4] *Ibid.*, p. 3.

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant....

In this matter, it is undisputed that neither the plaintiff's principal place of business nor the records requested are located in the Western District of Louisiana. Thus, the available venues are either the plaintiff's residence or the District of Columbia.

In the Fifth Circuit, a prisoner's place of incarceration is not his residence for purposes of venue. *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972).[5] While Mr. Santana was convicted in New Hampshire, the undersigned has not been pointed to nor found any information in the record which would suggest a New Hampshire residence, other than his conviction there. The undersigned infers, from Mr. Santana's argument in opposition to the motion, that he is under an ICE detainer, which makes the issue of his residence prior to conviction and incarceration even less certain. What is clear is that Louisiana is not his place of residence, solely by virtue of his incarceration here.

The only clearly proper venue available to Mr. Santana under 5 U.S.C. § 552(a)(4)(B) is the District of Columbia. Under 28 U.S.C. § 1406(a), the court may, in the interests of justice, transfer a case brought in the wrong district to "any district or division in which it could have been brought." The plaintiff's appeal from the action of the Executive Office for United States Attorneys on his FOIA request was denied by the U.S. Department of Justice, Office of Information and Privacy, in Washington, D.C. It is unclear whether the requested information

---

[5] There is apparently a split among the circuits regarding whether an inmates' place of incarceration is his residence for purposes of domicile; however, in the Fifth Circuit an inmates' place of incarceration is not his residence. See *Harris v. Lappin*, 2008 WL 4371503, FN 4 (N.D.W.Va.) for a list of cases from other circuits.

exists, or if it does, where it may be located at this point.[6] However, the undersigned recommends, in the interests of justice, that the matter be transferred to the District Court for the District of Columbia for resolution.

*Recommendation*

For the reasons given above,

**IT IS THE RECOMMENDATION** of the undersigned that the defendant's Motion to Dismiss Under F.R.C.P. 12(b)(3) or, Alternatively, for Transfer to a District of Proper Venue Pursuant to 28 U.S.C. § 1406(a) (Rec. Doc. 11) be **GRANTED IN PART AND DENIED IN PART** as follows:

1) The matter be transferred to the United States District Court for the District of Columbia;

2) The remaining requests for relief be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

---

[6] Correspondence from the Federal Public Defender Office in Concord, New Hampshire, indicates that at least one requested piece of information, a video, was sent at some point to an individual in Massachusetts. (See Rec. Doc. 3-2).

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on December 12, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)